UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE HARRISON,

        Plaintiff,

vs.

PRAGNA H. PANDYA, *et al.*,

        Defendants.
                                      /

Case No. 1:09-cv-349

Hon. Gordon J. Quist

**ORDER**

        Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on three motions filed by plaintiff (docket nos. 52, 58 and 95). Docket no. 52 is entitled, "Motion for extension of time and demand for more definite statement as to what defendant or defendant(s) is the defendant attorney talking about when they mention 1-13 in your answer to plaintiff's amended complaint spec [sic] special and/or affirmative defenses on pages # 1-6 and on pages 7 and 8 #1-10." Docket no. 58 is entitled, "Motion to strike defendants Robert Migliorino, Pragna H. Pandya, and Christine Meyers Brief in reply to plaintiff's response to motion to dismiss for improper service." Docket no. 95 is entitled, "Motion for extension of time."

        As an initial matter, plaintiff's motions do not comply with the court rules. Plaintiff is advised that this court grants relief to litigants through properly filed motions which: must be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and, state the relief sought. Fed. R. Civ. P. 7(b)(1). All motions filed in this court must be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable

local rules, and the other authorities upon which the party relies." W.D. Mich. LCivR 7.1(a). A pro se litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). Experience has taught the court that strict adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). The court has before it three motions, none of which are accompanied by briefs as required by court rules. For this reason, plaintiff's motions will be denied.

Furthermore, plaintiff's motions are largely incomprehensible. In docket no. 52, plaintiff apparently wants to contest the answer and affirmative defenses. In docket no. 58, plaintiff apparently wants to strike defendants' reply to his response in opposition to a motion to dismiss. Finally, in docket no. 95, plaintiff seeks an extension of "30 days to reply to Defendants Motion of some Defendant that has not been served." Both opposing counsel and the court need to be able to understand what plaintiff wants to do. It is plaintiff's responsibility to provide the court with a coherent presentation of the matters for which he seeks relief.

Accordingly, plaintiff's motions (52, 58 and 95) are **DENIED**. Plaintiff is advised that the court will strike any future court filings that violate the court's local rules or which are similarly incomprehensible.

**IT IS SO ORDERED.**

Dated: June 10, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

2