UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE HARRISON,

        Plaintiff,

v.

PRAGNA H. PANDYA, *et al.*,

        Defendants.
                                 /

Case No. 1:09-cv-349

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion to dismiss filed by defendants Robert Migliorino, Pragna H. Pandya and Christine Meyer (docket no. 50).

**I.    Background**

        On April 13, 2009, plaintiff filed a complaint in which he alleged that defendants and others violated his civil rights. *See* docket no. 1. Two days later, the court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* docket no. 3. The court required plaintiff to file an amended complaint in the appropriate form, which he did. *See* docket nos. 5 and 8. On June 18, 2009, this court entered an "Order for Service" which required plaintiff to supply the court with 13 copies of the amended complaint and exhibits for service on the defendants. *See* docket no. 10. The order also directed the Court Clerk to arrange for service on defendants. *Id.*[1]

---

[1] "IT IS FURTHER ORDERED that upon receipt of the copies required by the this order, the Clerk shall arrange for service of summons and complaint, along with a copy of this order, upon Defendants."

Plaintiff took several months to comply with the court's order. *See* Order to Show Cause (docket no. 16). Eventually, summonses were issued on December 7, 2009. *See* docket no. 18. Some of the summonses, including those for defendants Migliorino, Pandya and Meyer, were returned by the United States Marshal Service as unexecuted. *Id.* These summonses were directed to the defendants at various correctional facilities operated by the Michigan Department of Corrections (MDOC). *Id.* However, these defendants did not work at MDOC facilities named in the summonses. *Id.*

The Clerk's office re-issued summonses for defendants Migliorino, Pandya and Meyer on December 29, 2009. *See* docket nos. 43, 45 and 46. The summonses were directed to defendants at the following addresses:

>Corrections Medical Services, Inc.
>  Robert Migliorino
>c/o The Corporation Company
>30600 Telegraph Road
>Bingham Farms, MI  48025
>
>Corrections Medical Services, Inc.
>  Pragna H. Pandya
>c/o The Corporation Company
>30600 Telegraph Road
>Bingham Farms, MI  48025
>
>Corrections Medical Services, Inc.
>  Christine Meyer
>c/o The Corporation Company
>30600 Telegraph Road
>Bingham Farms, MI  48025

*Id.* The court received "acknowledgements" for the summonses from Migliorino, Pandya and Meyer, in the form of a certified mail cards (i.e., a domestic return receipt), each bearing the stamp

"The Corporation Company" as the recipient of the summons. *Id.* Shortly thereafter, defendants Migliorino, Pandya and Meyer filed their motion to dismiss for lack of service.

## II.     Legal Standard

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. In such cases, the plaintiff bears the burden of proving that proper service was effected. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich.1994). The court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976)). In this regard, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later"). *See also, Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service").

## III.     Discussion

Fed. R. Civ. P. 4(e) provides for the service of a summons on an individual defendant as follows:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

3

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The applicable Michigan Court Rule, MCR 2.105(A), provides the method for serving an individual defendant:

> Process may be served on a resident or nonresident individual by
>
>> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>>
>> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A). Michigan law allows for service on an agent under certain circumstances:

> (1) Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.
>
> (2) Whenever, pursuant to statute or court rule, service of process is to be made on a nongovernmental defendant by service on a public officer, service on the public officer may be made by registered mail addressed to his or her office.

MCR 2.105(H).

In this case, the Marshals Service attempted to serve defendants Migliorino, Pandya and Meyer via certified mail "care of" (c/o) The Corporation Company. Each summons contained the names of two addressees, i.e., Correctional Medical Services, Inc. and the respective defendant. Delivery was not restricted to the addressee(s), with each summons being accepted by The Corporation Company. There is no evidence that "The Corporation Company" was the agent of these three individual defendants. In his response, plaintiff has presented a copy of correspondence from "CT Corporation" to the United States Marshals Service in a different federal action.[2] *See* docket no. 53-2. Plaintiff's reference to this correspondence, in which CT Corporation identified itself as a statutory agency for The Corporation Company, is irrelevant to this litigation. *See id.* Nothing in the record indicates that CT Corporation had any role in the service or acceptance of defendants' summonses.

Based on this record, plaintiff has not met his burden to demonstrate that defendants Migliorino, Pandya and Meyer have been properly served under Fed. R. Civ. P. 4. However, dismissal of these defendants is not an appropriate remedy. Plaintiff, as a *pro se* prisoner proceeding *in forma pauperis*, has relied on the Clerk's Office and the United States Marshals Service to effect service of process on defendants. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). As the court observed in *Johnson v. Williams*, No. 05-2315 (RBW), 2006 WL 2788985 (D. D.C. Sept. 26, 2006):

> Generally, *pro se* plaintiffs who depend on Court officers should not be penalized for a court officer's failure or mistake in properly effecting service of process. *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1060 (D.C. Cir.1988) (MacKinnon,

---

[2]The correspondence, dated October 27, 2009, was generated in the case of *Portis v. Patricia Caruso*, 1:09-cv-846. *See* docket no. 53-2. It is unclear how plaintiff obtained a copy of this correspondence.

J. concurring). Deference to plaintiffs' *pro se* status, however, cannot justify the exercise of jurisdiction over defendants who have not been served properly.

*Johnson*, 2006 WL 2788985 at *3.[3]

Under the circumstances of this case, the court views defendants' motion as one to quash service of process rather than as one to dismiss. *See Haley*, 529 F.2d at 79; *Stern*, 200 F.2d at 795;*Young's Trading Company*, 222 F.R.D. at 342; *Daley*, 105 F.R.D. at 89. Accordingly, defendants' motion to quash should be granted. However, plaintiff should be allowed another attempt to properly serve defendants. *Id.*

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss for insufficient service (docket no. 50) be **GRANTED** and that the summonses addressed to defendants Robert Migliorino, Pragna H. Pandya and Christine Meyer be **QUASHED** and that the corresponding acknowledgments from the "The Corporation Company" (docket nos. 43, 45 and 46) be **STRICKEN**.

I further recommend that the Clerk's Office re-issue the summonses to these three defendants and that the United States Marshals Service personally serve a copy of the summons and complaint on defendants Migliorino, Pandya and Meyer pursuant to Fed. R. Civ. P. 4.

Dated: June 25, 2010  /s/ Hugh W. Brenneman, Jr.
  HUGH W. BRENNEMAN, JR.
  United States Magistrate Judge

---

[3] The court notes that defendants intended to attach a copy of the *Johnson* opinion as Exh. D to their motion to dismiss. *See* docket no. 50-6. However, for some reason, defendants' counsel filed a second copy of Exh. C in its place. *Id.*

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).