UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE HARRISON,

        Plaintiff

v.

PRAGNA H. PANDYA, *et al.*,

        Defendants.

_____/

Case No. 1:09-CV-349

Hon. Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants Pandya and Migliorino's motion for summary judgment (docket no. 145).

    **I.**    **Plaintiff's claims**

This motion is brought by the two remaining defendants in this action, Dr. Pragna H. Pandya and Dr. Robert Migliorino. In his amended complaint, plaintiff alleged that Dr. Pandya was deliberately indifferent to his serious medical needs by failing to provide plaintiff with pain medication for his lower back, upper right back and right forearm in from May 2006 through September 2006 and failing to provide plaintiff with treatment for his ulcerative colitis, e.g., medication, a therapeutic diet, a "low residue diet," and testing. (Am. Compl., docket no. 8 at 6.) Plaintiff also alleged that Dr. Migliorino was deliberately indifferent to his serious medical needs by interfering with plaintiff's prescribed treatment for his ulcerative colitis, e.g., not assuring that plaintiff received his therapeutic diet and night time snack bag, "[i]nterfering and stopping" plaintiff's prednisone "without anyones [sic] permission," and for unspecified actions related to plaintiff's chronic pain. (*Id.* at 10.) Plaintiff seeks monetary damages and injunctive relief.

## II. Defendants' motion for summary judgment

### A. Legal Standard

In deciding a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, plaintiff has not filed a response to defendants' motion. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). When a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992).[1]

### B. Eighth Amendment Claims

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment

---

[1] As noted by the magistrate judge in a previously issued Report and Recommendation, plaintiff filed a verified amended complaint, the allegations of which could serve the same function as an affidavit filed in opposition to a motion for summary judgment. *See* Report and Recommendation (docket no. 126). However, plaintiff's amended complaint includes only vague and conclusory allegations against Drs. Pandya and Migliorino. Such allegations cannot be construed as statements of fact sufficient to oppose defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4).

claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Hudson*, 503 U.S. at 8-9. With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 8 (internal citations and quotation marks omitted). Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a medical condition does not constitute an Eighth Amendment violation. *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff has presented no evidence that Drs. Pandya and Migliorino treated him with

deliberate indifference.[2]  With respect to the therapeutic diet or low residue diet, defendants point out that on June 28, 2006, in response to plaintiff's complaint, PA Sherry issued an order for a low residue diet with an HS snack bag.  *See* Therapeutic Diet Notice (docket no. 145-2).  This order was conveyed to the Riverside Correctional Facility Food Service Department by nurse Mulnix on the same day.  (*See* Mulnix Aff.  ¶ 5 (docket no. 69).)  On July 10, 2006, plaintiff wrote to PA Sherry and told him that he had only gotten his snack bag "a few times" because the food service department required more paperwork.  (*See* Pl.'s Note to PA Sherry (docket no. 145-3).)  As a result, the order was re-issued to the RFC Food Service on July 13, 2006.  (*See* Therapeutic Diet Notice (docket no. 145-4).)  Neither Dr. Pandya nor Dr. Migliorino were involved in this series of events.

        Defendants also point out that the attachments to the plaintiff's original and amended complaints only mention them as the providers of record on documents such as prescriptions and special accommodation notices (SANs).  For example, defendants state that Dr. Pragna appears as the provider on a SAN completed by RN Novak on May 25, 2006 (which does not refer to matters raised in plaintiff's pleadings) (docket no. 1-2 at 19); that Dr. Pragna appears as the provider on a SAN completed by RN Mulnix on May 29, 2006 (which includes an order for a therapeutic diet) (docket no. 1-2 at 23); and that Dr. Migliorino appears as the provider in a medical detail issued by RN Herrman dated June 10, 2006 (excusing plaintiff from work from June 12th through 17th, 2006) (docket no. 1-2 at 28).

        Plaintiff's amended complaint does not set forth specific claims against Dr. Pandya.  Rather, the amended complaint lists exhibits which allegedly demonstrate the doctor's involvement in plaintiff's medical care: an MDOC appointment card for May 2, 2006 (docket no. 1-2 at 2); a

---

[2] Defendants have been hampered in their ability to respond to plaintiff's claims due to plaintiff's failure to provide them with a medical authorization as ordered by the court.  *See* Order (docket no. 142).

health care request from plaintiff dated June 9, 2006 regarding pain, dizziness and nausea (docket no. 1-2 at 27); a health care request from plaintiff dated July 23, 2006 stating that his Tylenol is not alleviating pain and asking to see a doctor (docket no. 1-2 at 46); a health care request from plaintiff dated September 1, 2006 complaining of pain, muscle spasms and diarrhea (docket no. 1-3 at 3); a lumbar x-ray report dated December 10, 2004 (docket no. 1-4 at 23); plaintiff's medical records from Health Delivery Inc. from 2004 (some undated) (docket no. 1-4 at 24-29); copies of various prescriptions issued to plaintiff (docket nos. 1-2 at 5-17); the Therapeutic Diet Notice dated May 26, 2006 from RN Mulnix (docket no. 1-2 at 20); a health care request from plaintiff dated May 24, 2006 complaining of stomach pain (docket no. 1-2 at 21); a health care kite response from RN Mulnix dated May 29, 2006 regarding plaintiff's abdominal pain and cramps (docket no. 1-2 at 22); and, the May 29, 2006 SAN (docket no. 1-2 at 23). None of these exhibits relate to treatment provided by Dr. Pandya.

Similarly, the amended complaint does not set forth specific claims against Dr. Migliorino. Rather, the amended complaint lists exhibits which allegedly demonstrate the doctor's involvement in plaintiff's medical care: the work detail dated June 10, 2006 (docket no. 1-2 at 28); a health care kite response from RN Mulnix regarding pain in plaintiff's back and right forearm (docket no. 1-2 at 25); the health care request dated June 9, 2006 regarding pain, dizziness and nausea (docket no. 1-2 at 27); the health care request dated July 23, 2006 stating that his Tylenol is not alleviating pain and asking to see a doctor (docket no. 1-2 at 46); a health care kite response from RN Bowker dated August 10, 2006 regarding stomach pain and plaintiff's desire to see a doctor and a specialist (docket no. 1-2 at 48); a health care request from plaintiff dated August 13, 2006 in which plaintiff asks for stronger pain medication (docket no. 1-2 at 50); the health care request dated September 1, 2006 complaining of pain, muscle spasms and diarrhea (docket no. 1-3

at 3); and, a health care request from plaintiff dated September 4, 2006 complaining of pain in stomach, upper back and lower back (docket no. 1-3 at 6). None of these exhibits relate to treatment provided by Dr. Migliorino.

In summary, plaintiff has presented no evidence that either Dr. Pandya or Dr. Migliorino were deliberately indifferent to his serious medical needs. The evidence gleaned from plaintiff's filings involve either actions taken by plaintiff or actions taken by medical staff other than these two doctors. Accordingly, Dr. Pandya and Dr. Migliorino's motion for summary judgment will be granted.

### III.   Conclusion

For the reasons set forth above, defendants' motion for summary judgment (docket no. 145) will be **GRANTED** and plaintiff's complaint dismissed.

A judgment consistent with this opinion will be entered.


Dated:  September 28, 2012                         /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE